# Thomason *v.* Court of County Commissioners, *et al.*

## *Enjoining Bond Issue.*

(Decided June 30, 1913.   63 South. 87.)

1. *Counties; Bond Issue; Election; Ballots.*—In an election to determine the issuance of county bonds, a ballot designating the bond as road bond issue, sufficiently states their character under section 161, Code 1907.

[Thomason v. Court of County Commissioners, et al.]

**2.** *Same; Calling Election; Constructing Roads.*—As the words "repairing and improving" are in a sense included in the word "construction," an order for and notice of an election to vote on bonds for constructing, repairing and improving roads is not invalid under section 158, Code 1907, which being remedial, should be liberally construed.

**3.** *Statutes; Construction.*—Statutes should be construed in consonance with the manifest purpose and intention of the lawmakers, and such purpose should not be defeated by narrow constructions based upon nice distinctions between the meaning of words.

APPEAL from Marshall Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by James M. Thomason against the Court of County Commissioners and others. From a judgment for the defendants, plaintiff appeals. Affirmed.

The order calling the election is as follows: "It is ordered by the court that an election is hereby called to be held at the several precincts of the county at the regular voting places in such several precincts; said election is hereby ordered to be held on the 31st day of March, 1913, for the determination by the voters of the county whether or not this court shall issue bonds in behalf of the county for the purpose of constructing, improving, and repairing the public roads of the county, the amount of the bonds to be issued to be $130,000, the maximum rate of interest to be paid to be 5 per cent., and the bonds to run for a period of 30 years, and not to be sold for less than face value." The notice followed the order calling the election. The ballot is as follows:

OFFICIAL BALLOT.

Vote for One.

[☐] For Road Bond Issue.

[☐] Against Road Bond Issue.

JOHN A. LUSK & SON, for appellant. The notice is defective in failing to set out the purposes under the statute.—Sections 158, 160, Code 1907; *Woodlawn v.*

[Thomason v. Court of County Commissioners, et al.]

*Cain,* 135 Ala. 371; *Clark v. Los Angeles,* 116 Pac. 966; 117 Pac. 692; 126 N. W. 8. The ballot did not come up to the requirements of sec. 222 of the Constitution.— *Coleman v. Eutaw,* 157 Ala. 327; 7 Am. Dig. 918; 122 N. W. 403; 27 Pac. 462. The proposition should have stated the amount.—*Coleman v. Eutaw, supra;* 28 Cyc. 1589-90; 61 Minn. 48; Lo. L. R. A. (N. S.) 149. The right of complainant to maintain the bill cannot be denied.—*Coleman v. Eutaw, supra; Crowe v. Bd. of Rev.* 141 Ala. 126.

STREET & ISBELL, and MACK KILCREASE, for appellee. Improving and repairing are necessarily included in construction, and the notice and the ballot were sufficient under the statute.—Sec. 222, Constitution 1901, and sections 158-160, Code 1907; *Ex parte Selma,* 46 Ala. 230; *Crosswhite v Commissioners,* 162 Ala. 99; 23 Pac. 414; 32 Pac. 1077. Statutes and Constitution are entitled to liberal construction.—*Carroll v. State,* 58 Ala. 401; *Hagan v. Limestone County,* 160 Ala. 544.

DOWDELL, C. J.—This is a bill by a taxpayer to enjoin the issuance of bonds for the purpose of constructing, "repairing, and improving" public roads in the county of Marshall. The temporary injunction prayed for was denied and a demurrer sustained to the bill. From this action of the court, the present appeal is prosecuted.

Only two questions are presented by the record for our consideration. The first is that the ballot furnished failed to meet the requirements of the law in stating the character of the bonds to be voted for. The second is that the order for, as well as the notice of, the election contained provisions not authorized by law, that is, for *repairing and improving,* as well as for constructing;

the order being for "constructing, repairing, and improving" the public roads of said county. In all other respects it is not denied by counsel for appellant, and the bill shows the proceedings for the issuance of the bonds were regular.

As to the first proposition, the ballot which was furnished was as is prescribed by the statute, unless it can be said that the character of the bond to be voted for was insufficiently stated in the blank space in the prescribed ballot. Section 161, Code of 1907; Constitution, section 222.

It is contended by appellant that the amount of the bonds, the interest, and when the same should mature, should have been stated on the face of the ballot. This was matter required to be stated by the statute in the publication of notice of the election for the issuance of the bonds. Section 160. While this is descriptive matter of the proposed bonds, we do not think that it was essential, as a compliance with the statute, in stating the character of the bonds on the ballot, and we are of the opinion and so rule that the character of the bonds, in compliance with the statute, was sufficiently stated when designated as a "road" bond, which was done on the ballot in question.

As to the second question, whether the inclusion of the words "repairing and improving" in the order for the election and the notice thereof invalidated the election, rendering any bond issue void, must depend upon the interpretation of and the construction to be given to the statute.

The evident purpose of the statute (section 158 of the Code of 1907) was the development of the country, and it is highly beneficial in its nature and character, and should therefore receive a very liberal construction. It is true that there is a technical difference in meaning be-

tween the words "constructing" and "repairing" or "improving." But it cannot be doubted that the words *repairing* and *improving* in a sense are embraced within the idea conveyed by the word *constructing*. It is hardly to be supposed that it was the intention of the lawmakers in authorizing the issuance of bonds for the *constructing* of the public roads, to require that such road should be constructed anew throughout. It would be unreasonable to say that it was not within the contemplation of the law to construct a road along the route and over the roadbed of an old road, and thus, in a technical sense repairing and improving such old road at perhaps a smaller expense, and yet within the authorization of the statute to construct an entirely new road parallel with such old road along the same route at a much greater expense. It seems to us that to so hold would be a stultification of the lawmaking power.

All statutes should be construed with reference to the manifest purpose and intention of the lawmakers in their enactment, and such manifest purposes should not be defeated by a narrow construction based upon nice distinctions in the meaning of words. The word of the statute, *constructing,* is used in the order for holding an election and in the publication of notice of the election, and the inclusion of the words *repairing* and *improving,* which in a sense are embraced in the word *constructing,* giving the statute in its objects and purposes a broad and liberal construction, should not vitiate the election.

We find no error in the record, and the decree appealed from is affirmed.

Affirmed.

ANDERSON, MAYFIELD, and DE GRAFFENRIED, JJ., concur.