# Dent, *et al. v.* City of Eufaula, *et al.*

### Injunction.

(Decided February 8, 1917. 74 South. 369.)

1. **Schools and School Districts; Bond Issue; Ordinances; Sufficiency.**—Construing Acts 1909, p. 188 as amended by Acts 1915, p. 110, and § 222, Constitution 1901, in connection with the ordinance and the ballot prepared thereunder in this case it is held that the ordinances, the ballots and advertisements were sufficiently in accord therewith to validate the election.

2. **Same.**—The mere omission of the word "house" from the ballot under the ordinance provided for an election at which the ballot should read "for public school house bonds," or to the contrary, did not affect the validity of the election.

APPEAL from Barbour Circuit Court.

Heard before Hon J. S. WILLIAMS.

Action by George H. Dent and others as citizens and taxpayers of the City of Eufaula against the City of Eufaula and the municipal authorities to enjoin the issue and sale of municipal bonds. Decree for respondents and complainants appeal. Affirmed.

[Dent, et al. v. City of Eufaula, et al.]

George W. Peach and Jones, Thomas & Fields for appellants.  A. H. Merrill & Son and McDowell & McDowell for appellee.

SAYRE, J.—In this cause complainants (appellants), as taxpayers of the city of Eufaula, seek to enjoin the issue of municipal bonds. The municipal authorities proceeded under the authority of the act approved August 26, 1909, which authorizes the holding of municipal elections for the issue of bonds for public purposes.  (Acts Special Session 1909, p. 188), section 2 of which (amended in some respects by the act approved February 20, 1915, p. 110), to quote its relevant parts, provides for bonds (2) "for extending, enlarging, improving, repairing or securing the more complete use of and enjoyment of any building or improvement owned, purchased or constructed by the municipality, for equipping and furnishing the same," and (9) "for erecting  *  *  *  public schoolhouses and buildings to be used in connection with the same."  These laws were passed in pursuance of section 222 of the Constitution, which grants to the Legislature authority to do so, and provides that, "The ballot used at such election shall contain the words:  "For  *  *  * bond issue,' and 'against  *  *  *  bond issue' [the character of the bond to be shown in the blank space]."  The ordinance, under which the election for these bonds was held, provided for an election on the proposition to issue "fifteen thousand dollars in the bonds of said city for the purpose of constructing, providing, acquiring, or improving public schoolhouses, and the buildings to be used in connection with the same," that the ballots should be in the form prescribed by the Constitution and should contain the words "For public schoolhouse bonds" and "Against public schoolhouse bonds," and that the election "and the purpose for which the bonds are to be issued" should be advertised as required by the statute.  The advertisement gave notice of an election on the proposition to issue "fifteen thousand dollars in the bonds of said city for the purpose of constructing, providing, acquiring, or improving public schoolhouses and the buildings to be used in connection with the same," and that the ballots would contain the words "For public schoolhouse bond issue" and "Against public schoolhouse bond issue.'  The official ballots prepared for and used at said election stated the proposition in these words:  "For city of Eufaula public school bond issue" 'and

[Dent, et al. v. City of Eufaula, et al.]

"Against city of Eufaula public school bond issue." The contention most strongly urged on the part of complainants comes to this in substance: That the election, at which a conceded majority of votes was cast in favor of bonds, was a nullity for that the question proposed in identical terms by the ordinance and the notice was not the question submitted to the electorate upon the face of the official ballot.

So far as the requirement of the Constitution is concerned, and apart from any effect that must needs be assigned to the variance which has been indicated, the validity of these bonds is sustained by the clear authority of the decisions in *Ryan v. Mayor and Council of Tuscaloosa,* 155 Ala. 479, 46 South. 638, and *Thomason v. Commissioners,* 184 Ala. 28, 63 South. 87. It will be observed that, aside from other differences which no one has considered to be of any materiality, the official ballot used at the election varied from that which the ordinance provided and of which the advertisement gave notice in that it omitted the word "house." The argument against the bonds is that the ballot submitted a broader question than the ordinance contemplated. If this variance, the alleged defect in the ballot, was unsubstantial, and may be classed as a mere irregularity, then they did not render the election void.—*Realty Investment Co. v. Mobile,* 181 Ala. 184, 61 South. 248.; *Coleman v. Eutaw,* 157 Ala. 327, 47 South. 703.

(1, 2) It appears from the foregoing statement of the proceedings for a bond issue that the municipal authorities asked leave to issue bonds for "constructing, providing, acquiring, or improving schoolhouses and the buildings to be used in connection with the same." Under the provisions of the act they had a right to ask for bonds for the "equipping and furnishing" of schoolhouses as well as for 'constructing, providing, acquiring, or improving" the same; but they did not so express themselves in the ordinance. Hence the argument that in view of the language of the ordinance the word "house" became material and necessary to be used in the preparation of the ballot, and that its omission rendered the ballot, and per consequence the election, obnoxious to section 222 of the Constitution and the act of August 26, 1909, as amended February 20, 1915. The authorities cited above suffice in our judgment to dispose of the constitutional objection. As for the other, we are of opinion that it too cannot be sustained. We are privileged to look to the

essential merit of the question. We assume that the purpose of the constitutional provision, which is to provide security for intelligence of choice and its easy expression, must be held to pervade the statute and all proceedings had under it. The ordinance has determined the uses to which the proceeds of these bonds may be put, and it is not to be presumed that they will be put to any other. The people of Eufaula, in virtue of the ordinance and its advertisement, were apprised of the uses designated by the ordinance, it may be presumed, and voted with a view to those uses. But if we may proceed upon the assumption that as matter of fact they were not apprised of the particular character of school uses to which these bonds would be applied, whether to the constructing, acquiring, or improving of schoolhouses or to their furnishing and equipping, how did the omission of the word "house" from the ballot affect the case? If we assume that the improvement of schoolhouses does not include their furnishing and equipping—and the argument for appellants seems to assume as much—still schoolhouses are to be furnished and equipped, as well as constructed, provided, acquired, or improved, and we perceive no reason why the use of the word "house" on the ballot would have made any change in the voting. On the hypothesis of the argument the majority voted for bonds to be used for any school purpose, thus expressing their willingness that all the proceeds might be devoted to the purposes specified in the ordinance. This is the logic of the decision in the *Ryan Case, supra,* and the court thinks it sound. The court is therefore of the opinion that no harm can reasonably be supposed to have resulted from the difference between the form of the ballot prescribed in the ordinance and that used on the ballot, and therefore that the decree by which the circuit court sitting in equity sustained appellees' demurrer to the bill in this cause should be affirmed.

Affirmed.

ANDERSON, C. J., and MCCLELLAN and GARDNER, JJ., concur.