(124 So. 663)

SALTER v. CITY OF ANNISTON. (7 Div. 918.)

Supreme Court of Alabama. Nov. 21, 1929.

W. M. Salter, pro se.

James F. Matthews and Knox, Acker, Sterne & Liles, all of Anniston, for appellee.

GARDNER, J. ▮▮▮ The bill in the instant case presents the single question whether or not the ballot used by the electors in expressing their preference for and against the proposed bond issue (an outline of which with a copy of the ballot, appears in the report of the case), sufficiently meets the requirements of section 222 of our Constitution. The following cases have dealt with this constitutional provision: Coleman v. Town of Eutaw, 157 Ala. 327, 47 So. 703; Ryan v. Mayor, etc., Tuscaloosa, 155 Ala. 479, 46 So. 638; Realty Inv. Co. v. City of Mobile, 181 Ala. 184, 61 So. 248; Thomason v. Court of County Com'rs, 184 Ala. 28, 63 So. 87; Dent v. City of Eufaula, 199 Ala. 280, 74 So. 369.

Appellant relies upon Coleman v. Town of Eutaw, supra. In Realty Investment Co. v. Mobile, 181 Ala. 184, 61 So. 248, 249, the soundness of the decision in the Coleman Case was recognized, but the language of the opinion in its entirety was not approved, but in a measure qualified. In this latter authority, the court, speaking to the object of section 222 of our Constitution, said: "In the matter of

elections for bond issues the more definite purpose of this isolated provision seems to have been to provide security for intelligence of choice and its easy expression. These constitute the substance of things for the security of which the form was provided." Pointing out that there may be "a substance of forms even," the court holds to the view that a substantial compliance with the form of the ballot as set out in said section 222, will meet the purpose of this constitutional requirement.

In that case the form of the ballot did not meet the literal requirement of the constitutional form, as the printers' brace was such as to make one statement of the character of the bonds serve for both the affirmative and the negative of the question submitted to the voter, whereas an exacting pursuit of the constitutional form would have required that the statement be literally repeated.

In the instant case the ballot presented but a single issue as to which the voter was to express his choice, containing first instructions to the voter as to the proper method of expressing his choice; second, a full and concise statement of the subject-matter of the election put in the form of a query, followed by a drawn line, immediately below which are the "cross mark" brackets where the voter expresses his choice. There the amount of the bond issue of the city of Anniston is designated, and the period for which they are to run, but it is insisted there should have been further designation of the purpose for which they are issued or for which the funds are to be devoted. But we think the designation of the bonds in the cross-mark lines bears so definite a relation to the language of the query immediately preceding, as to all practical purposes amount to a reference thereto. The arrangement is such as "to the eye and the understanding" of the voter, in the exercise of the most ordinary care and observation, to indicate clearly that the query and the characterization in the cross-mark line had reference to the one subject and each constituting in effect a part of the other. Though differing somewhat in form, the arrangement, in substance and effect, differs not materially from that in the Mobile Case, supra.

The purpose of the Constitution should be kept in mind, "to provide security for intelligence of choice and its easy expression." The general nature of the election may be presumed to have been made known to the voters by the advertisement required by the statute (Dent v. City of Eufaula, 199 Ala. 280, 74 So. 369; Thomason v. Court of County Com'rs, 184 Ala. 28, 63 So. 87), and to conclude that the form of the ballot used in the instant case failed to give intelligent direction as to the character of the bond, the subject-matter of the election, is to convict the voter of the utmost carelessness and lack of observation in exercising his choice as an elector.

The ballot in the Coleman Case, supra, differs in material respects from that here considered. There, in the cross-mark line, no designation or characterization of the bond given, and it may readily be seen that, to have sanctioned so flagrant a nonobservance of the constitutional form, would have led to gross abuse and in effect to its ultimate nullification.

But here the voter, in the line where he marks his choice, is informed that the city is to issue bonds, the amount thereof, and the duration of the issue, such a characterization as doubtless a business man dealing in such matters would make, and immediately preceding and in such close proximity as to necessarily fall also within his vision the elector is informed of the full purpose of the issue.

We are persuaded that the authorities herein cited, with particular reference to Realty Investment Co. v. Mobile, Thomason v. Court of County Com'rs, and Dent v. City of Eufaula, supra, fully support the conclusion that the form of the ballot here in question is a substantial compliance with section 222 of our Constitution, and that the demurrer to the bill was properly sustained. Let the decree be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.