158 So. 763

**TOMMIE v. CITY OF GADSDEN.**

7 Div. 285.

Supreme Court of Alabama.

Jan. 17, 1935.

522

J.·C. Thomas, of Gadsden, for appellant.

. Dortch, Allen & Dortch, of Gadsden, for appellee.

GARDNER, Justice.

Complainant rests her case upon the alleged insufficiency of the official ballot used in the city election, upon the theory that its form does not meet the requirements of section 222 of the Constitution, and much reliance is had upon Coleman v. Town of Eutaw, 157 Ala. 327, 47 So. 703. Our subsequent decisions have recognized the soundness of the Coleman Case, but the language of the opinion in its entirety has not been approved, but in a measure qualified.

In Realty Investment Co. v. Mobile, 181 Ala. 184, 61 So. 248, 249, it was noted that there may be "a substance in form even," and that a substantial compliance with our Constitution in this regard will suffice. The general nature of the election may be presumed to have been known to the voters by the advertisement required by the statute (Salter v. City of Anniston, 220 Ala. 199, 124 So. 663, 665; Dent v. City of Eufaula, 199

Ala. 280, 74 So. 369; Thomason v. Court of County Commissioners, 184 Ala. 28, .63 So. 87), and the purpose of the Constitution should be kept in mind, "to provide security for intelligence of choice and its easy expression."

█ So viewed, in the instant case, we are persuaded the official ballot substantially meets the requirements of our Constitution. The ballot contains a full description of the bonds to be issued, followed by instructions to the voters to "Make a cross-mark (X) before or after the proposition you wish to vote for." Then follows the proposition, "For proposed bond issue," and "Against proposed bond issue."

The "proposition" referred to is the one set out above fully describing the bonds. It could mean nothing else. So likewise as to the word "Proposed," which could have reference only to the bonds described in the query. It could have no other meaning. The "proposed bond issue" is therefore the bond issue proposed in the query just preceding instructions to the voter. The voter is left in no doubt or uncertainty, and, as said in the Salter Case, supra, and applicable here, "to conclude that the form of the ballot. * * * failed to give intelligent direction as to the character of the bond, the subject-matter of the election, is to convict the voter of the utmost carelessness and lack of observation in exercising his choice as an elector."

The word "proposed," in the instant case, gives to the voter information fully equal to that embraced in the word "road" held sufficient to meet the requirements of this constitutional provision in Thomason v. Court of County Commissioners, 184 Ala. 28, 63 So. 87.

The ballot in the Coleman Case differs in material respects from that here considered.

Speaking of the matter of differentiation in Salter v. City of Anniston, supra, the court said: "There, in the cross-mark line, no designation or characterization of the bond was given, and it may readily be seen that, to have sanctioned so flagrant a nonobservance of the constitutional form, would have led to gross abuse and in effect to its ultimate nullification." But here no such situation is presented. The bonds are first fully defined, followed by instructions to the voters on the "proposition submitted" and the word "proposed" preceding those of "bond issue" inform the voter that the bonds proposed are those thus so fully described above.

Looking to practical ends and the purpose of the constitutional form, we are of the opinion the ballot used, in this election, provided "security for intelligence of . choice and its easy' expression," and substantially met the requirements of section 222 of the Constitution.

The demurrer was properly sustained. Let the decree be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.