165 So. 100

## In re OPINIONS OF THE JUSTICES.

### No. 35.

Supreme Court of Alabama.

Jan. 15, 1936.

———◆———

Questions propounded by the Governor to the Justices of the Supreme Court, under Code 1923, § 10290.

Questions answered.

For former advisory opinion and statutes referred to in the inquiry, see In re Opinions of the Justices, ante, p. 152, 164 So. 572.

January 13, 1936.

To the Honorable Chief Justice and Associate Justices of the Supreme Court of Alabama.

Gentlemen: As Governor of Alabama and under the provisions of sections 10290—10292, Code of Alabama of 1923, as amended [Laws 1927, p. 103], I respectfully ask an advisory opinion of the following questions involving the construction of the statutes mentioned herein. This is rendered necessary because of the fact that questions have been raised by the Department in Washington, who propose to buy the warrants to be issued and involves the whole building school program of the State of Alabama.

For your convenience, I attach former advisory opinion and the statutes involved.

I will thank you very much to advise me on the following questions:

1. Does the provision of section 10 (a) of the act (Senate Bill 351), approved September 2, 1935, p. 731: "In order that the minimum program may be properly safeguarded, the county or city boards of education through the county and city superintendents of education shall make application to the State Superintendent of Education on the forms to be prescibed by him, giving the amount of warrants proposed to be issued, giving the amounts of principal and interest to be paid each year in retiring such warrants and showing the payments of principal and interest will be arranged to require approximately equal payments each year"—require· that the principal and interest due each year on warrants already outstanding shall be taken into consideration along with any principal and interest due each year on any proposed issue of warrants in arranging payments to be "approximately equal," or does this provision mean that only the payments of principal and interest due each year on any new issue of warrants shall be approximately equal (and that payments due on outstanding warrants are to be disregarded in making this arrangement)?

2. Is the approval of any issue of warrants by the State Superintendent of Education to be accepted as conclusive evidence that the warrants issued meet the

"approximately equal·payment" provisions of section 10 (a) of this act?

3. If warrants have been issued in accordance with the provisions of section 10 of this act, and with the approval of the State Superintendent of Education, does such an issue of warrants constitute a claim against the proceeds of the three-mill county tax which is preferred over the claim of any other warrants which have previously been issued, or is the claim of the two issues against the proceeds of this tax of equal preference?

Very respectfully,

Bibb Graves, Governor.

BG—A.

Honorable Bibb Graves, Governor of Alabama, Montgomery.

Sir: Replying to your inquiry of January 13, 1936, set out in the report of these opinions, we respectfully submit:

Inquiry No. 1. We are of the opinion that the provision of section 10 (a) of the act (Senate Bill 351), approved September 2, 1935, which requires that payments shall be so arranged as to provide for *approximately equal annual* payments, applies only to payments of principal and interest of any new issue of warrants, authorized by said Act of September 2, 1935. This seems to be, and is, the clear and manifest purpose of the act in·this respect.

Inquiry No. 2. We think our answer to your former inquiries dated October 28, 1935, sufficiently answers your second inquiry now before us. In that answer we gave it as our opinion that the approval of any issue of warrants by the State Superintendent of Education would be conclusive evidence that the anticipated funds, against which the warrants are drawn, would not be needed for the "minimum program." In re Opinions of the Justices, ante, p. 152, 164 So. 572.

We are also of the opinion that the approval of any issue of warrants of the State Superintendent of Education is, and should be accepted as, conclusive evidence that the warants so issued meet the *approximately equal annual* payment provision of section 10 (a) of said Act of September 2, 1935.

So we answer this inquiry in the affirmative.

Inquiry No. 3. We are of the opinion that, if warrants have been previously issued, pledging the proceeds of the three-mill county tax, or if said proceeds have been heretofore lawfully pledged, and same remain unpaid, in whole or in part, such previous pledging, to the extent of the amount remaining unpaid thereon, in principal or interest, or 'both, would have priority as to payment over any subsequently issued warrants. In such circumstances, it is our opinion "the claim of the two issues against the proceeds of this tax" would not be of equal preference. The first issued, to the amount of any balance remaining unpaid thereon, would be entitled to preference in payment.

Respectfully submitted,

LUCIEN D. GARDNER,
WILLIAM H. THOMAS,
VIRGIL BOULDIN,
JOEL B. BROWN,
ARTHUR B. FOSTER,
THOMAS E. KNIGHT,
Associate Justices.