183 So. 407

HARRIS v. COPE et al., Bullock County Board of Education.

4 Div. 53.

Supreme Court of Alabama.

Sept. 27, 1938.

Lawrence K. Andrews, of Union Springs, for appellant.

R. E. L. Cope, Jr., of Union Springs, for appellees.

FOSTER, Justice.

This is a suit whose purpose is to settle certain controversies which have arisen respecting the validity of a proposed issue of school warrants to be preferred claims against the three mill special school tax provided by Article 19, Amendment No. 3 of the Constitution. The warrants proposed to be issued are under authority of the Act of the Legislature approved April 6, 1936, Ex.Sess., page 58. They are dependent therefore upon the validity of the special school tax which is now being levied and collected. The main issue between the parties relates to the validity of the proceedings under which that tax is authorized.

Such a tax had been in existence in that county since 1919 under prior proceedings. The last year in which it was payable was that beginning October 1, 1928.

On June 11, 1928, a petition was presented to the Commissioners' Court of the County calling attention to the fact that the tax expires with the year 1928-1929, which, we assume, means the tax year beginning October 1, 1928, in which payment was due for the assessment made for the tax year beginning October 1, 1927, and prayed for an election to be called and held on July 17, 1928, to determine if the tax shall be levied and collected to be effective in the year 1929-1930, and be continued for twenty-five years from October 1, 1929.

The court acted on the petition and called the election on the question "to take effect within the year 1929-1930, and that it be continued for a period of twenty-five years from October 1, 1929, as now provided by law." Notice of the election was given in which the tax to be levied and collected was described as beginning with the year 1929-1930 and ending with 1953-1954. The ballot used in the election, though not appearing in the record of the proceedings, was in the following form, in so far as here material: "Shall the Court of County Commissioners of Bullock County, Alabama, levy and collect annually for a period of twenty-five years, from October 1, 1928, a special tax of Thirty (30) cents on each one hundred (100) dollars worth of taxable property in said county for the support of the public schools in said county?"

An election was held, the votes canvassed, and the result declared, showing three hundred and seventy votes for and one hundred and thirty-six votes against the proposal. The result was declared to be favorable, and the court ordered the tax levied for the years 1929-1930 to 1953-1954, inclusive.

As of October 1, 1928, the tax assessor assessed the tax, and as of October 1, 1929, it was collected by the tax collector, and has been assessed and collected annually each year since to and including the present year.

The constitutional provision is that "the time it is to continue" shall be voted for by a majority of those voting at the election.

The contention is that the tax voted on by the electors was declared in their ballot to continue twenty-five years from October 1, 1928, and the proceedings had by the commissioners' court, and notice of the election recited that it was to continue for twenty-five years from the year 1929-1930. The contention therefore is that the voters did not vote for a tax to continue from October 1, 1929, which was

the nature of the tax levied, and that therefore the Constitution was not complied with.

We assume for the purpose of this discussion that the provision of the Constitution, to which we have referred, as usual with its requirements is mandatory and not directory. Coleman v. Town of Eutaw, 157 Ala. 327, 47 So. 703. Compare Shanks v. Winkler, 210 Ala. 101, 97 So. 142; Realty Inv. Co. v. City of Mobile, 181 Ala. 184, 61 So. 248; Dent v. Eufaula, 199 Ala. 280, 74 So. 369; Thomason v. Court of County Com'rs, 184 Ala. 28, 63 So. 87; Ryan v. Tuscaloosa, 155 Ala. 479, 46 So. 638, 639.

■ While the mandates of the Constitution must be observed, any effort to do so should have a reasonable interpretation. Tommie v. City of Gadsden, 229 Ala. 521, 158 So. 763.

The confusion of dates is but a failure in the various steps of the proceedings to note whether reference is made to the year when the tax shall be assessed or that when it shall be payable. Property is assessed for taxation as of October 1, of each year,—Gen.Acts 1919, page 298, section 42,—and the taxes so assessed shall become due and payable on the first of the next October. Gen.Acts 1919, page 287, section 6. So that when it is said that a certain tax shall commence October 1st of a certain year, it is not always clear by that alone whether it is meant that the assessment shall first be made that year or its payment. But such a stipulation will be construed in the light of the recitals and facts shown throughout the whole proceeding. It is clear in this case, when so interpreted, what the meaning is.

■ The ballot was for the "levy and collection" of a tax beginning October 1, 1928. In the other proceedings in some places it is stipulated that the tax shall be levied and collected for the years 1929-1930 to 1953-1954. We judicially know that the levy and collection does not ordinarily begin with the same tax year. But the last collection under the preceding levy was made in the year beginning October 1, 1928. When in one place it is said that the tax is to be levied and collected beginning October 1, 1928, and in another it is to be levied and collected beginning October 1, 1929, in connection with the circumstances that the last preceding payment was made in the year beginning October 1, 1928, the whole together show clearly that the intention was to make the first assessment under the new proceeding begin with the tax year October 1, 1928, and that the payment of it was to begin October 1, 1929, and each was to continue for twenty-five years, from the beginning of such period.

When so interpreted, we think the Constitution was complied with insofar as the requirement now under consideration is concerned.

■ Moreover, any conflicts in respect to the date in question could well be treated as irregularities, since the voters did vote on the time in which the tax would continue, to-wit, twenty-five years from October 1, 1928. Different statements in the other proceedings may be treated as mere irregularities which, if not self-correcting, are cured by the Act of January 24, 1935, page 7, and of April 6, 1936, Ex.Sess., section 23, page 68. Harmon v. County Board of Education, 230 Ala. 260, 160 So. 687; Johnson v. Rice, 227 Ala. 119, 148 So. 802; Southern Ry. Co. v. Webb, 232 Ala. 324, 167 So. 729.

■ Another contention is that the first payment on the principal of the proposed warrants is not to be made "in the next fiscal year after this date," but that only an interest payment is thus made to become payable. Section 4 of the Act of 1936, supra, pages 58, 61 and 62 controls this question. The requirement there made is declared to be directory and not to affect the validity of the warrants. Compare also section 14 of the Act.

By their express terms the situation here disclosed does not affect the binding force and full effect of the warrants as proposed.

Another contention relates to the proposal to purchase two bus bodies out of the proceeds of the warrant sale.

The minutes of the County Board of Education of a meeting held on August 10, 1938, show that a resolution was adopted for the issue and sale of warrants for capital outlay purposes in the principal sum of $31,000; that $30,250 of the proceeds shall be deposited with the county custodian of school funds to be kept at all times separate from all other funds of the Board of Education; that $750 be used to purchase school bus bodies, and one school bus body

for sale to one Creswell and another to one Brown. The minutes of September 15, 1938, show that a resolution was adopted reciting an error as to the use of $750, as recited above, and amended the former resolution so that the $750 is to be used to purchase two school bus bodies.

We think it clear that the resolution as thus amended is controlling in that respect, and we need not concern ourselves with it as first adopted.

■ It is provided in the Act of April 6, 1936, page 58, that the County Board of Education may issue such warrants for the unexpired period in which the tax is to extend and cause them to be a preferred claim against that tax as we indicated in advisory opinions reported in Re Opinions of the Justices, 231 Ala. 152, 164 So. 572, and in Id., 231 Ala. 347, 165 So. 100, but only for the purpose of obtaining funds to be used in the erection or purchase of such buildings or supplies as may be fairly thought to be of sufficient permanence that their usefulness will extend throughout the period in which the tax thus pledged continues. Farned v. Bolding, 221 Ala. 217, 128 So. 435. That principle has been given application in other situations. Harman v. Alabama College, 235 Ala. 148, 177 So. 747, and cases there cited.

■ The theory is that a county, city or state cannot by contract embarrass or surrender its ability to function in the future. 44 Corpus Juris 73, section 2129; 43 Corpus Juris 211, section 213.

With respect to the situation in hand, the provisions of the Act guard against a possibility of such a contingency, first, by requiring the warrants to be approved by the State Superintendent of Education. Section 3, Gen.Acts 1936, Ex.Sess., page 60. The school board will not thereby apparently create a condition which will tend to embarrass it in discharging its duty to operate a school during the years of the duration of the warrants. This is rather a provision whose purpose is to aid in the discharge of those duties, by creating important facilities useful in doing so.

But this result would not follow if the proceeds of the warrants were to be used and consumed in operating the school before the full expiration of the period in which the tax is levied. And, to make the warrants secure in that respect, the Act provides that the proceeds of the bonds must be used for the purpose "of erecting, purchasing, altering, enlarging, improving, repairing, or equipping school buildings, including sites therefor and playgrounds in connection therewith, or purchasing school busses, or for the purpose of paying for a school building already erected by another governing body, which building is being transferred to the use and jurisdiction of the board issuing the warrants," and for certain refunding purposes. Section 1.

There is no indication what particular feature of the above mentioned requirements is contemplated for use of the proceeds of the warrant sale, except $750 for two bus bodies, and no question is here raised except in respect to the power of the Board of Education to purchase them by using $750 of the warrant funds.

The warrants in question are called by the Act of 1936, supra, capital outlay warrants,—sections 1 and 4,—and are required to be payable within the period of usefulness of the improvement or property for which they are issued "as estimated by the county or city board of education, which estimate shall be conclusive." Section 4.

■ When the county board provided for the purchase of two bus bodies, and provided for a period of approximately fifteen years in which the warrants are to be paid, though they did not expressly estimate that the usefulness of the bus bodies would extend throughout that period, that is to be considered by us as the effect of their resolution. There is no averment nor evidence as to the character of bus bodies contemplated, nor of their probable period of usefulness. So the question arises here as to the power of the judiciary to review such estimate. The fact that the Act declares it to be conclusive does not control the power of the courts in that respect. The judicial power thus presented raises an interesting question.

■ When the matter of fact determined by an administrative board is not one of which the court takes judicial knowledge, and there is no evidence on the subject the "question must be restricted to the issue whether any state of facts either known or which could reasonably be assumed affords support for it." United States v. Carolene Products Co., 304 U.S. 144, 58 S.Ct. 778, 784, 82 L.Ed. 1234. "Fairly debatable questions [under such circumstances] as to its reasonableness, wisdom, and propriety are

420

not for the determination of courts, but for the legislative body, on which rests the duty and responsibility of decision," and "we examine the record [even when there is evidence], not to see whether the findings * * * are supported by evidence, but to ascertain upon the whole record whether it is possible to say that the legislative choice is without rational basis." South Carolina State Highway Department v. Barnwell Bros., 303 U.S. 177, 625, 58 S.Ct. 510, 517, 82 L.Ed. 734, and cases there cited.

This principle was fully recognized and given effect in our case of White v. Luquire Funeral Home, 221 Ala. 440, 129 So. 84. We have no doubt many illustrations exist in our cases which do not at the present occur to the writer.

The question is, can we conceive of a practical bus body, two of which will cost $750, whose period of usefulness will probably extend for fifteen years? Can we say such a bus body is wholly outside the realm of reasonable estimate? Such matters do not come within our judicial knowledge, to the extent that they are not of common knowledge. We cannot assume that the board cannot or will not purchase bodies of such substantial sort as will be useful throughout that period. They have a duty to keep them in repair. We must assume that if in the exercise of their judgment they cannot purchase bus bodies of such reasonably estimated life, they will not purchase any at all. The resolution leaves the details to them for negotiation and contract in their discretion, to be limited in quality to the sort which will be useful throughout those years. We cannot say that to that extent it is clearly without rational basis, and, therefore, agree with the conclusions of the trial judge.

It is not necessary to consider the question of whether the records of the Board of Education can be thus collaterally attacked, since it is alleged that the confusing dates in the ballot, and other proceedings, do not appear on the face of the record, for that the form of the ballot is not there set out.

·The decree of the trial court is well supported by the discussion here made and the principles cited, and it is affirmed.

Affirmed.

ANDERSON, C. J., GARDNER, THOMAS, and BOULDIN, JJ., concur.