# New England Mortgage Security Co. *v.* Board of Revenue of Montgmery County.

### *Certiorari to County Board of Revenue.*

1.   *Retroactive statutes.*—The General Assembly may impose taxes having a retroactive operation, and may take the profits or income of a business for a preceding year as the measure of assessment; but an intention that the law shall have a retrospective operation is never presumed, and must be shown by clear and indisputable expressions.

2.   *Tax on gross receipts of persons and corporations engaged in lending money on mortgages.*—The provision in the act, approved December 12th, 1884, imposing a tax of two per cent. on the gross receipts from business in this State of every person or corporation who "is engaged in the business of loaning money, or other thing of value, upon mortgage or lien on any property in this State " (since repealed), took effect only from and after its enactment, and applied to gross receipts derived from business thereafter engaged in.

3.   *Same ; where assessed.*—The return of said tax was required to be made to the assessor of the county in which the business was carried on, without regard to the residence of the borrower, or the county in which the mortgages were recorded.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JNO. P. HUBBARD.

Appellant petitioned the Board of Revenue of Montgomery county to set aside and annul an assessment made against it by the tax assessor of said county.   The petition was denied, and petitioner applied to the Circuit Court of said

county for writ of *certiorari*, which was granted. On hearing, the court quashed the writ, and dismissed the petition, and petitioner appealed. The opinion states all material facts.

PETTUS & PETTUS, for appellant.

T. N. McCLELLAN, Attorney-General, and GEO. F. MOORE, *contra.*

CLOPTON, J.—The assessment is made under the eighth clause of section six of " An act to levy taxes for the use of the State, and the counties thereof ; " which provides that, " on the gross receipts derived from business in this State, by each and every person, company, association, or corporation of this or any other State, who, by themselves or agent, is engaged in the business of loaning money or other thing of value, upon mortgage or lien on any property in this State," there shall be levied a tax of two per centum ; with a proviso, that the tax shall not apply to the business of such persons, companies, associations, or corporations, which are assessed for taxation upon their capital, or in case of corporations whose shareholders are taxed upon their shares in the capital stock. The act was approved December 12th, 1884. Acts, 1884-85, p. 3. The assessment is made for 1886 on the estimated gross receipts for 1885. The record shows, that all the loans, the gross receipts of which are assessed, were made more than ten months anterior to the passage of the act, the last having been made January 14th, 1884 ; and that the petitioner has not since been engaged in the business of loaning money, or other thing of value, upon mortgage or lien upon any property in this State.

It may be conceded, that the General Assembly has power to impose taxes, having a retroactive operation ; and may take the profits or income of a business for a preceding year as the measure of assessment. The question is, not the legislative power, but whether it was the intent, that the act shall be retrospective. On principles of general jurisprudence, a statute is not to have effect beyond the time of its enactment ; and to give it retroactive operation, there must be found therein clear and indisputable expressions of such legislative design. When the words of a statute can be construed as intended to be prospective only, they will not be so construed as to give retroactive effect. The courts will " always construe statutes as prospective and not retrospective, unless constrained to the contrary course by the rigor of the phraseology." This canon of construction

is especially applicable, and legislation will be presumed to be framed in view of it, when new burdens are imposed on the people.—Cooley on Tax. 291 ; *Barnes v. Mayor, etc. of Mobile,* 19 Ala. 707 ; *Boyce v. Holmes,* 2 Ala. 54.

By the terms of the statute in question, the tax is levied on the gross receipts of persons, companies, associations, or corporations, who are (not, *or have been*), engaged in the business of loaning money, or other thing of value, upon mortgage or lien on any property in this State ; and they are required annually by the first day of April to return to the assessor of the county in which such business is carried on a sworn statement of the gross receipts for the preceding year.    A subject of taxation is introduced, upon which taxes. had not been previously levied, and in reference to which the business had not been carried on.    A new burden is imposed, without expressions, indicating an intent that it should be retroactive.    The phraseology of the statute does not require a construction that would give it effect as to receipts derived from busines done, and finally ceased, anterior to its passage.    It took effect from its enactment, and only applies to receipts derived from business in this State engaged in thereafter.—*Drexel v. Com.,* 46 Penn. St. 31 ; *Barnes v. Mayor, etc. of Mobile, supra.*

If the act were retroactive, the assessor of Montgomery county is without jurisdiction to make the assessment..    The statute requires the return to be made to the assessor of the county in which the business is carried on.    So far as any part of the business of loaning the money was done in this State, it was transacted, as appears from the record, in the county of Dallas.    The residence of the debtor, and the place of recording the mortgages do not, by themselves, fix the county in which the business is carried on, when all other transactions relating to it were made elsewhere. Whether or not, the petitioner was, on the facts disclosed by the record, ever engaged in this State in the business of loaning money, we leave undecided.

The question of the constitutionality of the act, arising on the character and operation of the proviso, has been elaborately and ably argued ; but as its solution is not nec-essary to the decision of the case, and as this provision of the revenue law has been repealed, we ought to express no opinion thereon.

The judgment of the Circuit Court is reversed, and judgment will be here rendered, that the assessment be set aside and annulled.    The appellee will pay the costs of suit in the Circuit Court, and the costs of appeal.