# Flowers *v.* Grant.

*Statutory Action for Damages, for Trespass of Stock.*

1.  *Establishment of stock law district; sufficiency of petition; construction of statute.*—Under the act approved December 9, 1887, authorizing the commissioners court of Henry, Pickens and Hale counties to establish and abolish districts in which live stock may be prevented from running at large, which provides "that whenever any ten freeholders petition said court in writing, stating that they desire an order made establishing a district wherein live stock shall not run at large, fully describing such districts and stating that the petitioners reside in such district," (Acts of 1886-87, p. 739) a petition filed in the commissioners court under said statute which does not state that the petitioners are freeholders and reside in the district prescribed, is fatally defective, and the commissioners court acquires no jurisdiction and is without authority to establish such district.

2.  *Same; same; no right can accrue under void order of commissioners court.*—Where the petition filed in the commissioners court, to have established a district in a particular county in which stock is not allowed to run at large, is defective, and does not contain the necessary statutory averments to confer jurisdiction, an order of said commissioners court establishing such district is void, and no action accrues in favor of a person living within the prescribed district for any violation of such order.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. JOHN P. HUBBARD.

This suit was brought by the appellant against the appellee to recover damages for trespass by the defendant's hogs on the crop owned by the plaintiff and growing upon lands which were situated in beat six of Henry county. It was alleged in the complaint that the

[Flowers v. Grant.]

lands upon which the crop trespassed upon was growing was situated in a district in which live stock was not allowed to run at large, which district was established by the commissioners court of Henry county, under the provisions of the act approved December 9, 1886 (Acts of 1886-87, p. 739).

The defendant pleaded the general issue and set up by special plea that the act under which the said stock law district purported to be established was unconstitutional, that the order of the commissioners court establishing said district was void, in that the commissioners court never acquired jurisdiction of the subject matter.

The facts of the case and the rulings upon the evidence in reference to the establishing of a stock law district in which beat six was situated are sufficiently shown in the opinion.

The defendant introduced in evidence the portion of the act of the General Assembly entitled "An Act to charter the town of Headland," approved February 21, 1893, (Acts of 1892-93, p. 897), conferring upon the board of mayor and aldermen the right "to regulate, restrain and prohibit the running at large of horses, cattle, swine, sheep," etc. It was further shown that each of the parties to the suit lived within the corporate limits of the town of Headland, which was situated in beat six of Henry county.

The cause was tried by the court without the intervention of a jury, and upon the hearing of all the evidence the court rendered judgment for the defendant. The plaintiff appeals, and assigns as error the rendition of judgment for the defendant, and the several rulings of the trial court to which exceptions were reserved.

H. A. PEARCE, for appellant.—The records of the commissioners court show that it had jurisdiction. A substantial compliance with the provisions of the act is all the law requires.—*Stanfil v. Court of County Commissioners,* 80 Ala. 287.

ESPY, FARMER & ESPY, *contra.*—The petition filed in the commissioners court of Henry county for the estab-

lishment of a stock law district was fatally defective, in that it did not aver that the petitioners were freeholders and resided within the said district. The commissioners court being one of special and limited jurisdiction, every act necessary to the proper exercise of its power must affirmatively appear from its record.—*Joiner v. Winston*, 68 Ala. 129; *Wyatt v. Rambo*, 29 Ala. 510; *Foster v. Glazener*, 27 Ala. 391; *Owen v. Jordon*, 27 Ala. 608; *Gunn v. Howell*, 27 Ala. 663.

HARALSON, J.—1. The act of December 9, 1886, (Acts, 1886-87, p. 739), to authorize the commissioners' court of Henry, Pickens and Dale counties to establish or abolish districts in which live stock may be prevented from running at large, in its second section provides: "That whenever any ten freeholders petition said court, in writing, stating that they desire an order to be made establishing a district wherein live stock shall not run at large, fully describing such district, and stating that petitioners reside in such district," etc., the court shall proceed in the manner directed afterwards in said act, to establish it or not, as they may determine on trial had.

Under this act, twelve persons, on August 25th, 1899, filed their petition in the probate court of Henry county to establish a stock law for beats 6 and 21, and that portion of beat 16 lying south of the Shelby Mill Creek, wherein live stock should not be allowed to run at large.

The petition reads: "Notice is hereby given that we, the undersigned citizens, owning lands" in the beats above described, make application, etc. The petition did not set out that the petitioners resided in the district described.

Under this application the said court, at the November term thereof, proceeded and established the district as prayed for.

On the trial of this case, the plaintiff offered separately said petition and the order of said court establishing said district, and the petition of the twelve citizens applying therefore, to which evidence the defendant separately and severally objected as to the petition, because it was illegal, and further, that it failed to state that the petitioners were freeholders and resided in the

district sought to be established, in which stock should not be allowed to run at large; and to the order, because it was not shown to have been based on a petition signed by ten freeholders stating that they resided in the district sought to be so established. The court separately and severally overruled defendant's objections.

These rulings of the court were clearly erroneous. The petition did not contain the averment of facts necessary to give the commissioners' court jurisdiction of the subject matter. The ten "citizens" who it is averred owned lands in said district, might have resided in any other county of the State, or in any part of the county of Henry outside of the district described. It is not upon such persons the law bestows the privilege of making such an application, and upon whose application an order of the kind prayed for may be granted; but the order may be granted only when "ten freeholders," who "reside in such district," make application therefor. The commissioners' court, as has been uniformly held, in the exercise of statutory powers, as were here conferred, is esteemed a court of limited jurisdiction, and to uphold its proceedings under the statute, its records must affirmatively show the existence of the facts upon which its authority rests.—*Joiner v. Winston,* 68 Ala. 130; *Stanfill v. Commissioners Court,* 80 Ala. 287; *Brooks v. Johns,* 119 Ala. 412.

The order establishing said district was void and no action accrued to the plaintiff in this case for any violation of it. If the court for a wrong reason rendered a proper judgment, it is error without injury.

2. It appears that the charter of Headland (Acts, 1892-93, p. 893) provides that the mayor and aldermen are authorized to regulate, restrain and prohibit the running at large of horses, cattle, swine, sheep, goats, geese and dogs, and the defendant contends, that this provision of the charter repealed said act of 1886-87, providing for the establishment of stock districts in Henry and other counties; and this seems to have been the view taken of the matter by the court below. It does not appear that the act of 1892-93 has been carried into effect by an ordinance of said town. It is unnecessary, there-

[Wilkinson *et al.* v. Wilkinson, *et al.*]

fore, to decide, in the present aspect of the case, whether the former is repealed by the latter act. We refer, how-ver, to our decisions on the question : *Olmstead v. Crook,* 89 Ala. 228; *Ex parte Mayor of Anniston,* 90 Ala. 516; *The State v. Stiles,* 121 Ala. 363; *Gilmore v. The State,* 126 Ala. 21.

Affirmed.