(110 So. 799)

JACKSON et al. v. BOARD OF REVENUE OF CHOCTAW COUNTY.    (2 Div. 894.)

(Supreme Court of Alabama.    Nov. 18, 1926.
Rehearing Denied with Modification,
Jan. 13, 1927.)

1. Schools and school districts ⟫103(1)—Proceedings nunc pro tunc to amend records of board of revenue to show tax levy, constituting an attempt to render "a new and different judgment," held unauthorized.

Proceedings nunc pro tunc to remedy records of board of revenue to show that county was levying and collecting special county taxes for school purposes of not less than $.30 on each $100 worth of taxable property, or that board had ascertained such fact, being necessary to sustain validity of 3-mill school tax, which proceedings failed to disclose any reference to any matter of record authorizing amendment, but showing that they rested merely on an inadvertent omission of matter from record on part of clerk, constitutes an attempt to render "a new and different judgment," and is unauthorized.

2. Judgment ⟫315—Judgment amendment nunc pro tunc can only be on record or quasi record evidence.

Judgments can be amended nunc pro tunc only on record evidence or evidence quasi of record.

**3. Judgment ⬤⟹315—Deficiency in judgment or decree cannot be supplied by parol.**

Deficiency in judgment or decree cannot be supplied by parol.

Sayre and Miller, JJ., dissenting.

Appeal from Circuit Court, Choctaw County; T. J. Bedsole, Judge.

Petition of G. C. Jackson and others for common-law certiorari to the Board of Revenue of Choctaw County. From a judgment dismissing their petition, petitioners appeal. Reversed and remanded.

Hollis & Edgar, of Butler, and A. B. Chilton, of Montgomery, for appellants.

The record of the board of revenue must set forth facts showing its jurisdiction. School Code, p. 82, § 224; Gantt v. Court of Com'rs, 210 Ala. 125, 97 So. 129; Wall-Hay-Wall L. Co. v. Mathews, 211 Ala. 426, 100 So. 824. The amendment nunc pro tunc should not have been permitted; there was no record evidence upon which to base the amendment. Briggs v. Tenn. C. I. & R. Co., 175 Ala. 130, 57 So. 882; Comm. Court v. Hearne, 59 Ala. 371.

J. D. Lindsey, of Butler, Thos. F. Seale, of Livingston, and Adams & Gillmore, of Grove Hill, for appellee.

Courts of county commissioners and boards of revenue have inherent power to amend their records so as to make them speak the truth, without limitation as to time. Marengo County v. Barley et al., 209 Ala. 663, 96 So. 753; Commissioners' Court of Lowndes County v. Hearne, 59 Ala. 371; Adams v. Southern Railway Co., 9 Ala. App. 201, 62 So. 466. There is no restriction as to time within which the minutes of the meeting of the board of revenue shall be recorded. Goodson v. Dean, 173 Ala. 301, 55 So. 1010; Adams v. Southern Railway Co., 176 Ala. 320, 58 So. 397. Courts of county commissioners, in legislative acts, are not required to follow the strict rules requiring written data as a basis for an amendment nunc pro tunc. Adams v. Southern Railway Co., 9 Ala. App. 201, 62 So. 466. If the amendment nunc pro tunc recites that it is based upon satisfactory or sufficient evidence, the presumption is that it is founded on legal evidence, and it will not be disturbed in an action of this kind. Bryan v. Streeter & Smithers, 57 Ala. 104; Leinkauff v. Tuskaloosa Sale & Advancing Co., 105 Ala. 328, 16 So. 891; Commissioners' Court v. Holland, 177 Ala. 60, 58 So. 270. Courts of county commissioners are not required to keep their minutes with the same technical accuracy as courts of general jurisdiction. McClure v. State, 17 Ala. App. 618, 88 So. 36; Adams v. Southern Railway Co., 9 Ala. App. 201, 62 So. 466. An election should not be vacated and held for naught because the law requiring notice has not been strictly followed, if such notice was given as that the electors were in fact informed of the time and purpose of the election. 15 Cyc. 321; Court, etc., v. State, 151 Ala. 571, 44 So. 465; Wilson v. Pike County, 144 Ala. 397, 39 So. 370.

GARDNER, J. Appellants filed their petition in the circuit court of Choctaw county for common-law writ of certiorari for review of the proceedings before the board of revenue of said county, concerning the judgment of said court levying a 3-mill school tax for Mt. Sterling school district No. 9, and praying that said proceedings be quashed as null and void. The judgment of the circuit court sustains these proceedings and dismisses the petition, and from this judgment petitioners have prosecuted this appeal.

The petition was filed and the writ ordered to issue September 23, 1925. The election, pursuant to the previous order of the board of revenue, was held July 3, 1925, and on July 7, thereafter, said board canvassed the return of said election, declared the result in favor of the tax, and ordered the same levied.

[1] It appears without controversy that at the time of the filing of the petition, September 23, 1925, it did not anywhere appear in the records of the board of revenue, in regard to such tax levy, that the county of Choctaw was then levying and collecting special county taxes for school purposes of not less than 30 cents on each $100 worth of taxable property in such county, or that the said board of revenue had ascertained such fact.

In Gantt v. Court of Commissioners of Covington County, 210 Ala. 125, 97 So. 129, it was expressly held that—

"The primary and essential condition upon which alone such an election is authorized to be ordered and held is the fact that county is already levying and collecting such a tax. This fact is therefore the basis of the court's jurisdiction in the premises; and since as to this subject the court is one of limited statutory power, it is necessary that the records of the court should affirmatively show the existence and ascertainment of the fact by the court, in order to sustain the validity of the order and of the election held pursuant thereto."

[2, 3] Under the above-cited authority, therefore (subsequently approved in Wall-Hay-Wall Lbr. Co. v. Mathews, 211 Ala. 426, 100 So. 824), the proceedings, as thus far disclosed, were void. Recognizing this defect, counsel for respondent to the petition, requested a stay of the proceedings in this cause to the end that the records of the board of revenue might be amended nunc pro tunc to remedy the same (Com'rs Court v. Holland, 177 Ala. 60, 58 So. 270; Com'rs Court v. Hearne, 59 Ala. 373), which request was granted, and the record of the proceedings in

the court of the board of revenue subsequently amended at the December term, 1925, of said court. The amended proceedings do not appear, however, to have been rested upon any record evidence whatever, but disclose that reference to the jurisdictional matter hereinabove noted was omitted from the record as a result of inadvertence or mistake on the part of the clerk of the court, who, in his affidavit filed in this cause, states likewise that these matters were "inadvertently left out of said minutes." Judgments can be amended nunc pro tunc only upon record evidence or evidence quasi of record, and the deficiency in a judgment or decree cannot be supplied by parol. 6 Mayf. Dig. 504; Briggs v. Tenn. C. I. & R. Co., 175 Ala. 130, 57 So. 882; Com'rs Court v. Holland, supra; Com'rs Court v. Hearne, supra.

In the Holland Case, supra, speaking to this question, the court said:

"In amending their judgments nunc pro tunc at a subsequent term, courts are exercising a very special and limited statutory power. If the order of amendment does not show, at least by a general recital, that it is predicated upon satisfactory or sufficient evidence, it fails to show any authority to make the amendment, and the amendment is wholly invalid and ineffectual. In such a case no presumption can be indulged in favor of the order of amendment merely because it recites that it is made nunc pro tunc; and it can be regarded as no more than an attempt to render a new and different judgment without authority of law."

The amendment proceedings not only fail to disclose any reference to any matter of record authorizing it, but in effect do show that they are rested merely upon an inadvertent omission of the matter from the record on the part of the clerk, and constitutes but an attempt to "render a new and different judgment." The amended judgment should therefore have been disregarded by the trial court. Such being done, and the original proceedings omitting these jurisdictional matters being void, the prayer of the petition should be granted.

Upon a reconsideration of this cause, counsel for appellee direct our attention to the case of Adams, Tax Col., v. South. Ry. Co., 9 Ala. App. 201, 62 So. 466, in support of the contention that, the proceedings here being of a legislative nature, no record or quasi record evidence was essential for the amendment of the judgment nunc pro tunc. We are of the opinion the authority noted, dealing with matter purely of legislative character, is without application here. The proceedings for this character of tax in a particular school district are initiated by the county board of education, and, upon the request being made by the said county board, it then becomes the duty of the commissioners' court or board of revenue to order the election. But in so ordering the said commissioners' court or board of revenue must first determine the jurisdictional matter hereinabove referred to as the condition precedent to the validity of the proceedings. In such determination, such court is in the exercise of a quasi judicial function.

We are therefore persuaded the rule above announced as to the amendment of judgments is applicable. In the case of Com'rs Court v. Hearne, supra, it was held that the court of county commissioners was in that instance exercising a quasi legislative authority, and in the opinion of the court used the following language, quoted with approval in the recent case of Marengo County v. Barley, 209 Ala. 663, 96 So. 753:

"It was competent for the commissioners' court, as it is for every court of record, to amend its record *nunc pro tunc, if there be matter of record* authorizing the amendment." (Italics supplied.)

We are therefore not persuaded that the conclusion reached upon the original consideration of this cause is incorrect. The application for rehearing will be denied. It results, therefore, the judgment of the circuit court will be reversed, and the cause remanded to that court for appropriate order in conformity hereto.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.

SAYRE and MILLER, JJ., dissent.