(121 So. 390)

## ALEXANDER v. BOARD OF REVENUE et al. (8 Div. 67.)

Supreme Court of Alabama. March 28, 1929.

G. O. Chenault, of Decatur, for appellant.

A. J. Harris, of Decatur, for appellees.

BROWN, J. The appellant, by petition for common writ of certiorari, sought to review and quash the proceedings of the court of county revenues of Lawrence county, ordering an election to determine whether or not the three-mill school tax authorized by article 12 of the act, "providing a complete educational system for the State," approved September 26, 1919, Acts 1919, p. 567, and the act amendatory thereof, now embodied in the School Code of 1927, §§. 261–292, should be levied,

"The Court of County Revenues" for Lawrence was created by the act approved December 1, 1898, composed of the judge of probate as principal judge and four commissioners, denominated "Commissioners of Revenue for the County of Lawrence," appointed by the Governor, in lieu of the court of county commissioners. The act makes it a court of like jurisdiction, power, and authority, and all laws subsequently enacted relating to the jurisdiction, power, and authority of the court of county commissioners are made applicable to the court of county revenues. Acts 1898–99, p. 29.

█ Appellant's first contention is that the proceedings are void on their face, because it appears from the record· that the order for the election certified as a return to the writ is the "Order of Board of Revenue," when in fact no such board exists. This contention is fully answered by the record of the organization of the court: *"Be it remembered* at a regular term of the Court of Revenues of the County of Lawrence of the State of Alabama, begun and held on the second Monday in August, 1928, or August 13th, 1928, at the courthouse in the Town of Moulton, Alabama, the following proceedings were had, orders made, judgment rendered and ordered entered into the minutes of the present term thereof, as follows, to-wit: ,Present and presiding W. R. Jackson, Judge of Probate, who by law is chairman of said Court of Revenues, W. J. Lee, A. C. Harris, C. A. Young and J. T. Howell, as members of said Court."

This clearly shows that the action taken was by the court of county revenues, though the order on the minutes of the court is designated as the "Order of Board of Revenue," and the order itself used the language: "It is therefore adjudged, ordered and decreed by the Board of Revenue." The minutes on their face show nothing more than self-correcting clerical errors.

█ It is next insisted that the proceedings are void, because the application or request of the board of education is addressed: "To the Board of Revenue of Lawrence County." This contention is answered by the record, certified as the return showing due organization of the court, and the further recital, "Minutes of the Court of Revenue of Lawrence County—Request of the County Board of Education," followed by the written request transcribed in full upon the minutes of the court.

While the request is addressed, "To the Board of Revenue," still it appears from the certified return that the persons constituting the county court of revenues were present at the time and place prescribed by law to conduct the business of such court, and were duly organized and acting as such, and accepted and acted upon the request. This we hold was a substantial compliance with the provision of the statute, that, "upon request of the County Board of Education to the Court of· County Commissioners or other governing body, said court shall order an election to be held at the time requested by the said Board of Education to determine whether or not a special tax shall be levied," etc. School Code 1927, § 261.

█ Another contention is that the jurisdiction of the court of county revenues was not properly invoked, and its proceedings are void, for the reason that the statute does not authorize the county court of revenues to call an election covering two or more school districts, and designate but one place of voting.

It appears that the board of education proceeded under the provisions of section 270 of the School Code, forming a new district, and the request was for an election to be held in the district so created. That·section provides that, "in order to make it possible to work out a system of local tax units adapted to the needs of the whole county, the County

Board of Education of its own initiative shall fix the boundaries of any school district within its jurisdiction in which it is proposed to levy a local school tax," etc. This section, as has been held, confers on the county board of education full plenary power in forming tax districts covering territory wherein the special three-mill tax has not been voted. Shanks et al. v. Winkler et al., 210 Ala. 101, 97 So. 142.

Where, however, it is desired to consolidate a tax district in which the tax has been voted, with any adjacent territory or district "which may or may not be levying a special school tax," or consolidate a city school district having a city board of education with either a county school district or territory adjacent to such city school district which does not lie within the corporate limits, such districts cannot be consolidated without an order of the court of county commissioners or court of like jurisdiction in the county calling an election. This seems to be the purpose and scope of the provisions of §§ 275, 276 of the School Code.

The proposition submitted to the voters of the district, and ratified in the election, was to levy the special three-mill tax annually for 20 years, running from September 30, 1927. The election was held on the 18th of September, 1928, and the order of the county court of revenues was made at the regular August term on the 21st of September, 1928, within the tax year of 1927. Appellant contends that this levy was unauthorized, because the order was retroactive.

While the court of county revenues, in respect to the proceeding ordering the election, is a court of special and limited jurisdiction, in making the levy, after it was duly authorized by the result of the election, it is in the exercise of a governmental function, and, so long as it keeps within the limits of authority conferred by the legislative grant put in operation by the voters of the district, its action cannot be successfully questioned. 26 R. C. L. p. 26, §§ 12, 13, 14.

In New England Mtg. Security Co. v. Board of Revenue of Montgomery County, 81 Ala. 110, 1 So. 30, it was observed: "It may be conceded, that the General Assembly has power to impose taxes, having a retroactive operation; and may take the profits or income of a business for a preceding year as the measure of assessment."

And in Perry County v. Selma, M. & M. R. Co., 58 Ala. 546, it was held that a tax levied at the regular August term of court for the current tax year was a valid levy. See, also, Opinion of Attorney General, Report 1914–16, p. 270.

And in Leahart et al. v. Deedmeyer et al., 158 Ala. 298, 48 So. 372: "It may be stated, as a general proposition, that there is no section in our Constitution which prohibits the enactment of a retroactive law. Aldridge v. Tuscumbia, etc., R. R., 2 Stew. & P. 199, 23 Am. Dec. 307; Lindsay v. United States Savings, etc., Ass'n, 120 Ala. 168, 24 So. 171, 42 L. R. A. 783. Section 22 of our Constitution of 1901 expresses the only limitation in that line, and our courts have held that 'ex post facto' laws are necessarily penal laws; so that, unless a law impairs the obligation of a contract, or deprives the citizen of some vested right, or is obnoxious to some other provision of the Constitution, the mere fact that it is retroactive does not render it unconstitutional." See, also, Carroll v. Wright, 131 Ga. 728, 63 S. E. 260; Flint v. Stone Tracy Co., 220 U. S. 107, 31 S. Ct. 342, 55 L. Ed. 389, Ann. Cas. 1912B, 1312; Billings v. United States, 232 U. S. 261, 34 S. Ct. 421, 58 L. Ed. 596.

The levy of the tax was authorized by the votes of the district to be made annually, running from September 30, 1927, for 20 years; and the effect of this vote was merely to apply an existing statute to territory embraced within the tax district, and the levy being made within the tax year, at the regular August term of the court of county revenues, was a valid levy. Perry County v. Selma, M. & M. R. Co., supra.

The judgment of the circuit court dismissing the petition was free from error, and will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.