**JOHNSON et al. v. RICE, Tax Collector, et al.**

8 Div. 438.

Supreme Court of Alabama.

May 18, 1933.

Rehearing Denied June 22, 1933.

Street & Bradford, of Guntersville, for appellants.

Joe Starnes, of Guntersville, for appellees.

ANDERSON, Chief Justice.

The bill was filed to contest the validity of the three-mill school tax on account of certain defects or irregularities growing out of the ordering and holding of an election as provided by the Alabama School Code (section 261 et seq.). The questions here involved, or some of them, were settled by this court in the case of McCormick et al. v. County Board of Revenue of Marshall County, 223 Ala. 453, 137 So. 171, wherein it was held that the proceedings were not invalid or subject to be quashed under the common-law writ of certiorari.

We think that the act of 1931 (Gen. Acts 1931, p. 97) has cured all the defects complained of in the bill of complaint, and, whether said bill contained equity when filed, the said act of 1931 was effective when the decree dismissing the bill was rendered, and, if not justified for other reasons, said act made it a moot case, and the dismissal of the bill can be well justified upon this ground. The said act is broad enough to cover all charges made in the bill, except that the tax was not adopted by a majority of the votes. It says, when said election resulted in a majority of the votes cast being in favor of the special county or district tax for school purposes: "And which said elections were irregular by reason of failure prior to the actual holding of the elections to give notice thereof in a newspaper, or by reason of any other irregularity, be and the same are hereby ratified and confirmed and given effect in all respects as if all the conditions, preliminary and prior to the actual holding of such elections as required by the aforesaid Act had been duly and legally complied with." Therefore, the only condition precedent for the application of the act is that a majority of the votes cast favored the special tax. True, the bill charges that a majority of the votes cast did not favor the tax, but it has an exhibit, and as a part thereof, a copy of the record of the board of revenue finding and holding that a majority of the votes cast favored the tax, and this is conclusive except upon a contest of the election, as authorized by the Act of September 9, 1927 (Gen. Acts 1927, p. 498).

We must not be understood in affirming this case upon the grounds above set forth that a court of equity would be the proper forum to invalidate the tax in question.

The decree of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.

### Upon Rehearing.

ANDERSON, Chief Justice.

██ It is urged, upon application for rehearing, that the Gen. Acts 1927, p. 498, is unconstitutional under the case of Clarke v. Jack, 60 Ala. 272. The act in the Clarke Case is not like the act of 1927, nor was the one in the Clarke Case held unconstitutional; it was merely held that said act made no provision for a contest, and that the general election law did not provide a contest of elections like the one involved. The act of 1927 expressly provides for a contest of elections here involved and applies the machinery of contesting general elections of county officers.

Rehearing denied.

GARDNER, BOULDIN, and FOSTER, JJ., concur.