167 So. 729

**SOUTHERN RY. CO. v. WEBB, County Tax Collector.**

**7 Div. 358.**

Supreme Court of Alabama.

March 12, 1936.

Rehearing Denied May 7, 1936.

A. A. Carmichael, Atty. Gen., and Silas C. Garrett, III, Asst. Atty. Gen., for appellee.

Hugh Reed, of Center, and W. T. Murphree, of Gadsden, for appellant.

GARDNER, Justice.

These consolidated suits seek to test the validity of the one-mill county tax for school purposes (section 269, Const. 1901; Alabama School Code 1927, § 253 et seq.), and certain special school district taxes in the county of Cherokee. Third Amendment to Alabama Constitution, vol. 1, Code 1923, p. 429; Alabama School Code 1927, § 262.

As to the one-mill tax, the attack is based upon the failure of the petition to show that the two hundred qualified electors who signed the petition for the elec-

tion were also freeholders, and reliance **is** had upon section 253 of the Alabama School Code 1927, a codification of Gen. Acts 1919, p. 606. Gantt v. Court of Commissioners, 210 Ala. 125, 97 So. 129; Flowers v. Grant, 129 Ala. 275, 30 So. 94; Jackson v. Board of Revenue, 215 Ala. 418, 110 So. 799; Wall-Hay-Wall Lumber Co. v. Mathews, 211 Ala. 426, 100 So. 824.

True, referring to the petition for election for the one-mill tax, the statute uses the language "signed by two hundred or more qualified electors of the County who are also free holders." But the Constitution making provision for this tax prescribes no such requirement, though it is surrounded with several restrictions, among them the approval by three-fifths of those voting at the election. Having therefore been careful to place definite and designated restrictions around this special tax, we are of the opinion the Constitution makers did not contemplate legislative enactment adding other restrictions to the exercise of the right of three-fifths of the voters to determine whether or not the tax shall be imposed.

Granted such authority, and it may readily be seen that the lawmaking body might well add such restrictions as to, in effect, nullify the constitutional provisions.

The Constitution deals with the right of electors, and not freeholders, to determine the matter, and we are of the opinion the added words of the statute "who are also freeholders," should properly be disregarded as surplusage unauthorized by said section 269 of the Constitution.

The case of Flowers v. Grant, 129 Ala. 275, 30 So. 94, dealt with the plenary power of the Legislature as to the establishment of a stock law district wholly unhampered by any constitutional restrictions, as in the instant case.

Nor are the cases of Jackson v. Board of Revenue, 215 Ala. 418, 110 So. 799; Gantt v. Court of Commissioners, 210 Ala. 125, 97 So. 129; Wall-Hay-Wall Lumber Co. v. Mathews, 211 Ala. 426, 100 So. 824, here applicable, as they dealt with a matter of primary and essential conditions to the levy of the tax, and so declared by the Constitution authorizing its levy. Harmon v. County Board of Education, 230 Ala. 260, 160 So. 687.

The foregoing expresses the views of the writer and Justices FOSTER and KNIGHT. Justices THOMAS, BOUL-DIN, and BROWN dissent therefrom. They entertain the opinion, however, that the curative act of 1931, hereinafter cited, validated the election as to the one-mill county tax, and of consequence plaintiff cannot recover except as to the amount represented by the complaint of $563.65, which suit was pending when the curative statute was passed, and which, in their opinion, could not be affected thereby because of section 95 of our Constitution. The Chief Justice expresses his views in a special concurring opinion hereinafter set out. As to the other questions hereinafter considered, all the Justices concur.

█ The challenge to the validity of the special district taxes is rested largely upon the alleged failure of the record to disclose that the county was already levying a three-mill school tax; and the authorities relied upon are those last hereinabove cited. That such a county tax existed at the time is not questioned, and we are of the opinion the record affirmatively so discloses.

The petition was by the county board of education (section 261, Alabama School Code 1927), which expressly makes reference to the county tax which was voted April 12, 1927, and the commissioners' court in its order ascertained that the petition was regular and in accordance with legislative enactment providing for elections and authorizing any special school district of the county to levy and collect such special tax for school purposes.

True, the matter may have well been stated in better legalistic form, but that is not required. The substance is there, and this suffices, for, as previously observed (Shanks v. Winkler, 210 Ala. 101, 97 So. 142; Harmon v. County Board of Education, 230 Ala. 260, 160 So. 687, 688), this court has no inclination to interfere with the result of such an election upon "any narrow or technical ground." And our curative statutes (Gen. Acts 1931, p. 97; Gen. Acts 1935, p. 7) were enacted to prevent such consequences.

██ The petition of the county board of education contains very clear and definite boundary descriptions of the school districts involved. But it is insisted the record does not show that a map of the district was submitted also upon making the application, as required by section 270, School Code 1927. There is in this section no requirement that the map be set out in the application or petition, but mere-

ly that it be submitted to the commissioners' court. The purpose of giving a description of the district and submitting a map was the same, and we are clear to the view that the omission of the map could work no invalidity of the proceedings, and in any event constitutes an irregularity well within the curative act of 1931. Johnson v. Rice, 227 Ala. 119, 148 So. 802; Harmon v. County Board of Education, supra.

We have discussed the matters argued in brief by appellant, and find no error to reverse. The judgment will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and FOSTER and KNIGHT, JJ., concur.

THOMAS, BOULDIN, and BROWN, JJ., dissent in part.

ANDERSON, Chief Justice (concurring specially).

I concur in the result, but think that the judgment should be affirmed upon the authority of Johnson v. Rice, 227 Ala. 119, 148 So. 802, and that it is unnecessary to pass upon the constitutionality of section 253 of the School Code.

I am also of the opinion that section 95 of the Constitution has no application to cases of this kind relating to taxation.