168 So. 227

**SOUTHERN RY. CO. v. WEBB, Tax Collector.**

**7 Div. 174.**

Court of Appeals of Alabama.

May 12, 1936.

Hugh Reed, of Center, and W. T. Murphree, of Gadsden, for appellant.

A. A. Carmichael, Atty. Gen., and Silas C. Garrett, 3d, Asst. Atty. Gen., for appellee.

BRICKEN, Presiding Judge.

In this case the statement of facts by appellant is substantially as follows:

"This action was brought by the appellant against appellee, as Tax Collector of Cherokee County, to recover school taxes paid by appellant to appellee under protest and compulsion. These taxes were one mill County School Tax and three mill District Taxes in several districts in the County, which were levied by the County Commissioners of the County. The case was tried by the Judge without the intervention of a jury on an agreed statement of facts set out in the record and this statement was signed by the Judge and made a bill of exceptions for this appeal. Upon the submission of the cause the court rendered a judgment against the appellant and in favor of appellee, and this judgment is assigned as error.

"The petitions for the elections are set out in the agreed statement of facts as is all the orders of the Commissioners Court relating to the call of the elections, declaring the result and the levy of the tax. It is also agreed that the tax for which suit was brought was paid under protest and compulsion. One petition was filed for the calling of an election to levy both the three mill and one mill County tax. The first section of the petition called for an election for the three mill tax and purported to be signed by two hundred or more qualified electors. The second paragraph of the petition asks for an election for one mill County tax to be called and held as provided by Acts of 1915, p. 360.

"The Commissioners Court granted the petition, ordered the election, which was held and the result was in favor of the levy and the tax thereafter levied.

"On the 13th day of February, 1928, the County Board of Education filed its re-

quest for elections in the several school districts of the county for the levy of a three mill District tax. The several petitions being in identical form except the descriptions of the several districts.

"The Commissioners Court, after reciting the filing of the request of the Board of Education, granted the request making no finding that the County was levying a County School tax. The elections were held and results declared in favor of the levy of the tax, which was subsequently levied."

In connection with the foregoing, appellee has this to say: "The statement of facts contained in appellant's brief is a very good summary of the case. We agree with this statement of facts in all matters contained therein, save one, that is, that the Commissioners Court made no finding at the time to order an election on the question of the three mill district tax that the County was already levying a three mill county tax. We contend, and expect to show later in this brief, that the Commissioners' Court did make such a finding, and that the fact that the County was already levying a three mill county tax sufficiently appears in the record of the Commissioners Court which called for the election to be held."

Our attention has been called to the fact that the instant case is very similar to the case of Southern Railway Co. v. John Webb, as Tax Collector, 167 So. 729,[1] recently decided by the Supreme Court. The parties are the same, and the same points of decision are involved. The only difference in the cases is that the one-mill county tax, and the three-mill district taxes, the controverted subject-matter of this suit, were for the year 1927, and the similar taxes involved in the case decided by the Supreme Court, supra, were for subsequent years.

The record discloses that the proceedings of the county board of education and of the court of county commissioners regarding the levying of said taxes are in all respects like the proceedings in the case between these parties above referred to which has been decided by the Supreme Court. Moreover, the appellant urges the same grounds of error in both of these cases and relies upon the same authorities and makes the same argument in support thereof. The foregoing being without con-

troversy, we are to be guided by the provisions of section 7318 of the Code 1923, by the terms of which the decisions of the Supreme Court govern the holdings and decisions of this court, etc.

From the premises stated there appears no necessity for us to deal specifically with the points of decisions presented in this case. Hence, we refrain from so doing.

The judgment of the lower court from which this appeal is taken is affirmed upon authority of Southern Railway Company, a Corporation, v. John Webb, as Tax Collector, 232 Ala. 324, 167 So. 729, Supreme Court.

Affirmed.

