168 So. 423

RUNYAN v. THOMPSON, Judge, et al.

7 Div. 383.

Supreme Court of Alabama.

May 21, 1936.

A. L. Hardegree, of Ashland, for appellant.

A. L. Crumpton, of Ashland, for appellees.

BROWN, Justice.

This is a bill, filed by a resident taxpayer, to enjoin the collection of a special school tax levied under the provisions of article 19—the No. 3 Amendment to the Constitution. Code 1923, vol. 1, page 429; Michie's Code 1928, p. 88.

While the Constitution—the above amendment—authorizes the levy, the machinery for putting it into effect is provided by the Legislature. School Code 1927, §§ 261–270.

Section 263 of the School Code imposes on the sheriff the duty of giving "notice at least thirty days before any election to be held." The sole ground upon which the

complainant seeks to enjoin the collection of the tax is that the notice was published for four consecutive weeks, the first publication appearing on September 12, 1935, and the election was called to be held and was held on October 11, 1935, only 29 days, if the 12th of September be excluded, but 30 days if both September 12th and October 11th be included, in the computation.

We are of the opinion, however, that the irregularity in the election has been cured by the act entitled "An Act to regulate school warrants, school finances, and school tax elections, to validate certain school warrants and indebtedness," etc., approved April 6, 1936, of which section 23 provides: "Section 23. Elections validated. —Insofar as the validity of any warrants issued under the terms of this act may be concerned, all elections whether in school districts or in counties which have heretofore been held under the provisions of Articles 12 and 13 of the Alabama School Code or any other law, for the purpose of authorizing a special tax for any school purpose or for school purposes generally under the Constitution, which said election resulted in a majority of the votes cast being in favor of the said tax and which said elections were irregular by reason of failure prior to the actual holding of the election to give notice thereof in a newspaper or by reason of any other irregularity, be and the same are hereby ratified and confirmed and given effect in all respects as if all provisions of law relating to such election had been duly and legally complied with and the said tax may be levied and collected accordingly, provided that the provisions of this section shall not apply to elections which have been in express terms held and declared illegal by the board of revenue or court of county commissioners prior to the passage of this act." Act No. 94, approved April 6, 1936, § 23; Southern Ry. Co. v. John Webb, as Tax Collector, ante, p. 324, 167 So. 729; Johnson et al. v. Rice, Tax Collector, et al., 227 Ala. 119, 148 So. 802.

The bill was filed after the passage and approval of the act.

The ruling of the court on the demurrers to the bill is free from error.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.