184 So. 475

## SMITH v. BOARD OF EDUCATION OF CULLMAN COUNTY et al.

### 6 Div. 417.

Supreme Court of Alabama.

Nov. 17, 1938.

St. John & St. John, of Cullman, for appellees.

·Earney Bland, of Cullman, for appellant.

THOMAS, Justice.

The petitioner seeks declaratory judgment against the members of the Board of Education of Cullman County, Alabama, as to the validity of proposed warrants, issued under and by the authority of an act of the legislature. General Acts, Alabama, Extra Session, 1936, p. 58.

The appellees contend that the proceedings authorizing the levy and collection of the district school tax in question are valid and in compliance with the constitution and laws pertaining thereto. That is that the alleged defects on which petitioner rests his attack are mere irregularities that do not affect the validity of the tax levies, when the mandates of the constitution are observed and given a reasonable interpretation,. and that the judgment of the lower court should be affirmed.

The main insistence of appellants is that the court of county commissioners did not have jurisdiction to order the election in question because. the proceedings do not affirmatively show that there was a due ascertainment of the fact that the county was levying and collecting a three mill tax for school purposes before the levy of a special or district tax was sought and authorized.

In Harris v. Cope, Ala.Sup., 183 So. 407,[1] the public policy in such matters is thus expressed [page 409]:

"While the mandates of the Constitution must be observed, any effort to do so should have a reasonable interpretation. Tommie v. City of Gadsden, 229 Ala. 521, 158 So. 763.

"\* \* \* \* \* \* \*

"\* \* \* any conflicts in respect to the date in question could well be treated as irregularities, since the voters did vote on the time in which the tax would continue, to-wit, twenty-five years from October 1, 1928. Different statements in the other proceedings may be treated as mere irregularities which, if not self-correcting, are cured by the Act of January 24, 1935, page 7, and of April 6, 1936, Ex.Sess., section 23, page 68. Harmon v. County Board of Education, 230 Ala. 260, 160 So. 687; Johnson v. Rice, 227 Ala. 119, 148 So. 802; Southern Ry., Co. v. Webb, 232 Ala. 324, 167 So. 729."

And in Southern Ry. Co. v. Webb, County Tax Collector, 232 Ala. 324, 167 So. 729, the like construction is given, and it was declared that courts will not interfere with the result of a special district tax election upon any narrow or technical grounds.

When the whole of the proceedings had are looked to, it is affirmatively shown that the necessary requirements, for the levying and collecting of the three mill district school tax for the county, existed. The learned trial judge well observed:

"\* \* \* and the Court is of the opinion that the case at hand falls under the latter decision of the Supreme Court (Southern Ry. Co. v. Webb, County Tax Collector, 232 Ala. 324, 167 So. 729) and is in that respect sufficient and that the order of the Court of County Commissioners based upon said petition affirmatively shows the existence of that fact and that the Court of County Commissioners had jurisdiction in the premises.

"It is also urged that the term for which said special district school tax has been levied extends beyond the period for which the county three mill tax was levied. As to this question, the Court has only to look to the proceedings authorizing the election and construing the same in the light of the circumstances and what was reasonably intended thereby. The special district

school tax election was held on September 24, 1928, was for a continuation or re-levy of said tax, which original levy expired the previous fall and was to continue beginning with the fall of 1928, and expiring the fall of 1947. The proceedings relative to the levying of the three mill county tax show that said tax was to be levied beginning with the year 1928, and to continue for a period of twenty years. This the Court construes to be sufficient to show that the term for which the district tax was to be levied did not extend beyond the period for which the three mill county tax was to be levied. Harris v. Cope et al., Bullock County Board of Education, Ala. Sup., (183 So. 407).[1] [Parenthesis Supplied]."

In these findings, from the whole record, we are in accord.

We are likewise in accord with the other statement, finding and judgment on the last question, as follows:

"The other question urged by the petitioner pertains to the form of the ballot used in said district school tax election and the petitioner claims that the ballot used in said election invalidates the election in that it contained a provision or condition that the 'proceeds of this tax shall be apportioned among the small, administrative school districts exactly as in the past, (that is, according to the assessed valuation) except that when a pupil living in one such small district attends school in another with the larger tax area, a just per capita share of the funds may be transferred to the school which such pupil attends.' This condition or provision contained in the ballot is unquestionably unauthorized and contrary to law pertaining to the use of district funds arising from levying the special district school tax, as shown in Section 289, p. 104, of the 1927 Alabama School Code.

"The proceedings leading up to the election, including the call of the election by the Court of County Commissioners, contains no such provision and neither were the voters deciding the question at said election, as to how said funds were to be used, but the question being voted upon was whether or not said tax was to be levied and collected. The question of how the taxes collected were to be used is governed by the Constitution and statutes.

---

[1] Ante, p. 415.

"The Court, therefore, is of the opinion that the provision referred to and contained in the ballot was mere surplusage and constituted a mere irregularity and is cured by the curative statutes. Acts of 1935, p. 7; Harris v. Cope, et al., Bullock County Board of Education, supra."

■ We are further of the opinion that mere irregularities are cured by the Act of January 24, 1935, General Acts of Alabama, 1935, p. 7, and of April 6, 1936, General Acts of Alabama, Extra Session 1936, pp. 58-69; Southern Ry. Co. v. Webb, 232 Ala. 324, 167 So. 729.

The provision for validation of such election in the Act of April 6, 1936, General Acts of Alabama, Extra Session 1936, pp. 58-69, is found in Section 23, p. 68, of said act, and is as follows: "Section 23. Elections Validated.—Insofar as the validity of any warrants issued under the terms of this act may be concerned, all elections whether in school districts or in counties which have heretofore been held under the provisions of Articles 12 and 13 of the Alabama School Code or any other law, for the purpose of authorizing a special tax for any school purpose or for school purposes generally under the Constitution, which said election resulted in a majority of the votes cast being in favor of the said tax and which said elections were irregular by reason of failure prior to the actual holding of the election to give notice thereof in a newspaper or by reason of any other irregularity, be and the same are hereby ratified and confirmed and given effect in all respects as if all provisions of law relating to such election had been duly and legally complied with and the said tax may be levied and collected accordingly, provided that the provisions of this section shall not apply to elections which have been in express terms held and declared illegal by the board of revenue or court of county commissioners prior to the passage of this act."

. Like provisions are contained in the Act of February 4, 1937, pp. 36, 37 and 38. General Acts, Alabama, Extra Session, 1936-37, p. 36.

Such is the public policy of this state as to this subject matter.

The proceedings had under which the special district school tax was authorized are valid, the irregularities contained therein having been cured by the legislative enactments and decisions in accord.

therewith which we have indicated. The warrants proposed to be issued under and pursuant to the Act of the Legislature approved April 6th, 1936 (Acts of 1936, Extra Session, p. 58) can be legally issued by the respondents in compliance with said statute, and said warrants should be paid from the proceeds of the said special district tax.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

