213 So.2d 388

R. G. BOZEMAN, Jr.

v.

CONECUH COUNTY BOARD OF EDUCATION.

3 Div. 299.

Supreme Court of Alabama.

Sept. 12, 1968.

Wm. D. Melton, Evergreen, for appellant.

J. B. Nix, Jr., Evergreen, for appellee.

HARWOOD, Justice.

Pursuant to a declaratory judgment proceeding brought by the Board of Education of Conecuh County, the lower court adjudged and decreed that an election held in Conecuh County on 6 May 1958, in which a majority of the voters approved a county wide three mill school tax, was a valid election, and that the levy of said tax began 1 October 1966, and was due and collectible 1 October 1967. This appeal is from said decree.

In the published notice of the election, and on the ballot provided in the election in 1958, the question submitted to the voters was whether the proposed tax should be levied for the tax year beginning on 1 October 1966, and become due and payable on 1 October 1966.

In brief counsel for appellant states:

"The facts are undisputed in so far as the holding of said election is concerned. The election was held under the provisions of Article 7, Chapter 10, Title 52, Code of Alabama 1940. The facts are undisputed as to the casting of the votes at said election, in that a majority were cast in favor of said tax. The facts concerning the wording of said question submitted to the electorate are also undisputed; the wording of said question being set out in the pleadings in the case."

In his decree the Chancellor found that "the majority of the votes cast were in favor of said tax and the consequences of any irregularities in said election is governed by the provisions of Section 274(7) of Title 52 of the Code of Alabama, 1940."

The record shows that in the election on 6 May 1958, the three mill tax levy was approved by a vote of 2608 votes in favor of the proposed taxation, and 827 votes were cast against the proposal.

Section 274(7) of Title 7, Code of Alabama 1940 (Pocket Part), was enacted as Act No. 72, approved 24 February 1959. (See *Acts of Alabama 1959*, p. 123.)

The title of Act 72 reads:

### "AN ACT

To validate certain elections held since June 4, 1951, under Constitutional Amendment III or Constitutional Amendment CXXIII or the provisions of Article six or seven of chapter ten, title fifty-two, Code of Alabama 1940, or under any other law, for the purpose of authorizing a special school tax for school purposes."

The Act itself, in parts pertinent to this review, reads:

"All elections, whether in county or city school districts or in counties at large, which have been held since June 4, 1951, under Amendment III to the Constitution or Amendment CXXIII to the Constitution proposed by Act No. 519, H. 995 (p. 713), Acts of 1957 Reg. Sess.,

voted on at an election held December 17, 1957, and proclaimed ratified December 27, 1957, or the provisions of article 6 or 7 of chapter 10, Title 52, Code of Alabama 1940, or under any other law, for the purpose of authorizing a special tax for any school purpose or for school purposes generally under the Constitution of Alabama, which said elections resulted in a majority of the votes cast being in favor of the said tax and which said elections were irregular by reason of failure prior to the actual holdings of the elections to give notice thereof in a newspaper or by reason of any other irregularity, be and the same are hereby ratified and confirmed and given effect in all respects as if all provisions of law relating to such elections had been duly and legally complied with at the time the elections were held; and the said tax shall be levied and collected accordingly."

Under an appropriate assignment of error, counsel for appellant argues that Act 72, (Sec. 274(7), Title 52, Code of Alabama 1940, pocket part) is unconstitutional for two reasons:

    1. The Act is violative of Section 45 of our Constitution of 1901, in that it contains more than one subject, and

    2. In attempting to validate the elections relating to the levying of taxes for school purposes the legislature exercised a judicial function in violation of Section 43 of our Constitution.

■ Under the first contention, appellant argues that since the Act attempts to validate all school tax elections, regardless of the rate provisions which may have differed in various enactments, more than one subject is contained in the Act.

We do not agree with this argument. The title of the Act is a fair expression of the single general subject of the Act, i. e., the validation of school tax elections held since June 4, 1951. The provisions of the Act are all germane and cognate to the title.

The title sufficiently disclosed to the legislature and the public the matter to be dealt with in the Act. This is all that is required by the Constitution. Kendrick v. Boyd, 255 Ala. 53, 51 So.2d 694; Newton v. City of Tuscaloosa, 251 Ala. 209, 36 So.2d 487.

■ Counsel's contention that the legislature violated Section 43 in enacting Act 72, validating the former school tax elections, in that in so doing the legislature sought to perform judicial functions is also without merit.

■ The imposition of taxes is a legislative prerogative. Certainly the courts have no such power. While the courts may determine the validity of the legislative processes in imposing taxes, this in no wise implies that the originating and imposition of taxes is not solely the function of the legislative department of our government. The power to enforce taxes includes the power to validate prior tax enactments within constitutional limits.

Validating tax statutes of identical import as Act 72 have received the consideration of this court in a number of prior decisions. As stated in Opinion of the Justices, 269 Ala. 127, 111 So.2d 605:

"This Court has held that irregularities or defects in school tax elections, where a majority of the voters favored the tax, may be cured by subsequent validating statutes passed by the Legislature. Cases so holding are Johnson v. Rice, 227 Ala. 119, 148 So. 802(1); Harmon v. County Board of Education, 230 Ala. 260, 160 So. 687(4); Southern Ry. Co. v. Webb, 232 Ala. 324, 167 So. 729(4); Runyan v. Thompson, 232 Ala. 390, 168 So. 423(1); Harris v. Cope, 236 Ala. 415, 183 So. 407(4); Smith v. Board of Education of Cullman County, 236 Ala. 649, 184 So. 475(7); Brittain v. Benefield, 263 Ala. 171, 81 So.2d 667(2)."

■ Counsel further contends that the question submitted to the voters on the ballot as to whether or not to levy the

school tax for a period of twenty years beginning October 1, 1966, to be collected for the period beginning October 1, 1966, was so inherently defective as to invalidate the election, in that property is assessed for taxation as of 1 October of each year, and the assessed tax becomes due and payable the first of October the year following its assessment.

A very similar situation was presented in Harris v. Cope, 236 Ala. 415, 183 So. 407, where the question on the ballot read:

"Shall the Court of County Commissioners of Bullock County, Alabama, levy and collect annually for a period of twenty-five years, from October 1, 1928, a special tax of Thirty (30) cents on each one hundred (100) dollars worth of taxable property in said county for the support of the public schools in said county?"

After observing that the court judicially knew that the levy and collection of taxes did not ordinarily begin with the same tax year, the court stated:

"Moreover, any conflicts in respect to the date in question could well be treated as irregularities, since the voters did vote on the time in which the tax would continue, to-wit, twenty-five years from October 1, 1928. Different statements in the other proceedings may be treated as mere irregularities which, if not self-correcting, are cured by the Act of January 24, 1935, page 7, and of April 6, 1936, Ex.Sess., section 23, page 68." (Citations omitted.)

These latter two acts are validating acts similar in import to Act 72 passed in 1959.

The doctrine of Harris v. Cope, supra, therefore settles adversely the contention of the appellant as to the matter of the irregularity in the instant case relating to the levy and collection of the tax, and necessitates the conclusion that the tax was to be in force for a period of twenty years from 1 October 1966, and collected for that period of time.

What we have written above disposes of the real and material points raised on this appeal. Counsel for appellant has, however, argued the correctness of the court's rulings as to the admission of certain documentary evidence introduced through Mr. Harvey G. Pate, Superintendent of Education for Conecuh County, and Secretary of the Board of Education of that County.

These records of the Board of Education merely tend to reflect the process of calling the election, and the procedures followed, and the results of the election, all of which were set out in the bill. In brief counsel asserts that all such facts are undisputed. Therefore, the only condition precedent for the application of the validity effect of Act 72, approved in 1959, is that a majority of the votes cast in the election of 6 May 1958, favored the special tax. Johnson v. Rice, 227 Ala. 119, 148 So. 802.

No probable injury to any substantial rights of the appellant could therefore have resulted from the rulings even though technical error may have accompanied some of the rulings, a highly doubtful question we see no need to discuss.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.