PARKER, Justice
(concurring in the result).
I concur in the result reached by the main opinion, differing only as to the interpretation of the limits of the prohibition on legislative power in regard to existing lawsuits in § 95, Ala. Const, of 1901.
Before the adoption of the Alabama Constitution of 1901, this Court had recognized the inherent power of the legislature to impose taxes with retroactive application within certain limitations. “It may be conceded that the General Assembly has power to impose taxes having a retroactive operation; and may take the profits or income of a business for a preceding year as the measure of assessment.” New England Mortgage Sec. Co. v. Board of Revenue of Montgomery Co., 81 Ala. 110, 111, 1 So. 30, 31 (1886).
In 1929, under our current constitution, this Court returned to New England Mortgage Security Co., quoted above, to explain that taxes may be imposed retroactively under certain conditions:
“In Mew England Mtg. Security Co. v. Board of Revenue of Montgomery County, 81 Ala. 110,1 So. 30 [ (1886) ], it was observed: ‘It may be conceded, that the General Assembly has power to impose taxes, having a retroactive operation; and may take the profits or income of a business for a preceding year as the measure of assessment.’
“And in Perry County v. Selma, M. & M.R. Co., 58 Ala. 546 [ (1887) ], it was held that a tax levied at the regular August term of court for the current tax year was a valid levy. See, also, Opinion of Attorney General, Report 1914-16, p. 270.
*698 “And in Leahart et al. v. Deedmeyer et al., 158 Ala. [295,] 298, 48 So. [371,] 372 [ (1909) ]: ‘It may be stated, as a general proposition, that there is no section in our Constitution which prohibits the enactment of a retroactive law. Aldridge v. Tuscumbia, etc., R.R., 2 Stew. & P. 199, 23 Am. Dec. 307 [(1832)]; Lindsay v. United States Savings, etc., Ass’n, 120 Ala. [156,] 168, 24 So. 171, 42 L.R.A. 783 [ (1898) ]. Section 22 of our Constitution of 1901 expresses the only limitation in that line and our courts have held that “ex post facto” laws are necessarily penal laws; so that, unless a law impairs the obligation of a contract, or deprives the citizen of some vested right, or is obnoxious to some other provision of the Constitution, the mere fact that it is retroactive does not render it unconstitutional.’ See, also, Carroll v. Wright, 131 Ga. 728, 63 S.E. 260 [ (1908) ]; Flint v. Stone Tracy Co., 220 U.S. 107, 31 S.Ct. 342, 55 L.Ed. 389, Ann. Cas.1912B, 1312 [ (1911) ]; Billings v. United States, 232 U.S. 261, 34 S.Ct. 421, 58 L.Ed. 596 [ (1914) ].”
Alexander v. Board of Revenue, 219 Ala. 110, 112, 121 So. 390, 391-92 (1929).
This case presents a clash between that inherent power of the legislature and the express constitutional prohibition in § 95, which provides, in pertinent part: “After suit has been commenced on any cause of action, the legislature shall have no power to take away such cause of action, or destroy any existing defense of such suit.” Heretofore, the pronouncements of this Court on the intersection of the power of the legislature to enact tax legislation with a retroactive effect with the prohibition in § 95 have not been models of clarity. The main opinion relies on the solo writing of Chief Justice Anderson in Southern Ry. v. Webb, 232 Ala. 324, 327, 167 So. 729, 731 (1936), in which Chief Justice Anderson stated: “I am also of the opinion that section 95 of the Constitution has no application to cases of this kind relating to taxation.” Chief Justice Anderson offered no further insight into what he meant by his qualification of “cases of this kind.” Three Justices dissented on the basis of § 95, but did not write separately. Justice Gardner, writing the three-Justice plurality main opinion, stated the position of the three dissenters thusly:
“Justices Thomas, Bouldin, and Brown dissent therefrom. They entertain the opinion, however, that the curative act of 1931, hereinafter cited, validated the election as to the one-mill county tax, and of consequence plaintiff cannot recover except as to the amount represented by the complaint of $563.65, which suit was pending when the curative statute was passed, and which, in their opinion, could not be affected thereby because of section 95 of our Constitution. The Chief Justice expresses his views in a special concurring opinion hereinafter set out. As to the other questions hereinafter considered, all the Justices concur.”
232 Ala. at 326, 167 So. at 730-31. Justice Gardner’s plurality opinion, joined by two other Justices of the then seven-member Court, did not mention § 95. Therefore, Southern Ry. v. Webb represents three Justices’ reading of § 95 to mean that the curative tax legislation in question there could not affect a pending lawsuit and the opinion of one Justice, the Chief Justice, “that section 95 of the Constitution has no application to cases of this kind relating to taxation.”
Two other cases from this Court during the same era imply that § 95 has application in cases relating to taxation but do not define the limitations of § 95, if any, in regard to retroactive tax legislation. In Miller-Brent Lumber Co. v. State, 210 *699 Ala. 30, 34, 97 So. 97, 100-01 (1923), the Court said: “It is unnecessary to further indicate that the act was highly remedial and retrospective in operation, yet it did not destroy any existing defense, nor is it ‘definitive of substantive rights’ of any taxpayer, nor does it take away any cause of action, and was not offensive to section 95 of the Constitution....” In State v. Youngstown Mining Co., 219 Ala. 178, 181, 121 So. 550, 552 (1929), the Court said: “Moreover, if the view contended for by the receiver for the denial of the right of the state to collect past-due and accrued excise or tonnage taxes (not a mere penalty for nonperformance), the provisions of sections 95 and 100 of the Constitution, as to rights of pending suits, and denying the right of rescission or release of obligation or liability held by the state against persons, associations, or corporations, would not be observed.” Both of these unanimous opinions were written by Justice Thomas, who dissented in Southern Ry. v. Webb, and were joined by Chief Justice Anderson, who wrote the solo opinion relied upon in the main opinion here. Thus, I find it impossible to predicate the meaning of § 95 upon the qualified statement of one Justice writing alone in just one of these three eases.
I, instead, would interpret the prohibition on legislative power in § 95 in relation to the inherent authority of the legislature to enact tax statutes with retroactive effect as embodying
“the principle that state legislative bodies possess all the lawmaking power inherent in any sovereignty, except to the extent that such power is abridged by the constitution, and that a constitution is a limitation of the power of a state legislature, as distinguished from the effect of the Federal Constitution, which is a grant of power to Congress.3
[[Image here]]
“3 Heckman v. Custer County, 70 Mont. 84, [87,] 223 P. 916 [, 917] (1924) [ (‘Our legislative assembly has all the law-making power which inheres in any independent sovereignty, except only so far as that power is abridged by the Constitution of the state or the supreme law of the land.’) ]; Robb v. City of Tacoma, 175 Wash. 580, [586-87,] 28 P.2d 327 [, 330], 91 A.L.R. 1010 (1933) [ (‘when an act of the legislature is assailed, the court looks to the state Constitution only to ascertain whether any limitations have been imposed upon such power.’) (Emphasis in original.) ].”
56 Am.Jur.2d Municipal Corporations § 550 (2000). As Judge Cooley wrote:
“In creating a legislative department and conferring upon it the legislative power, the people must be understood to have conferred the full and complete power as it rests in, and may be exercised by, the sovereign power of any country, subject only to such restrictions as they may have seen fit to impose, and to the limitations which are contained in the Constitution of the United States.”
1 Thomas M. Cooley A Treatise on Constitutional Limitations 175 (8th ed.1927). Here the inherent authority of the legislature is limited by the express prohibition on legislative power in § 95 of the constitution in regard to pending lawsuits. The legislature’s inherent power is abridged by the express prohibition.
Nevertheless, though I differ on the meaning of § 95 in regard to existing suits relating to taxation, I nonetheless concur in the result reached in the main opinion.